FILED
FEB 13 2020
MAGISTRATE JUDGE IAIN D. JOHNSTON
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRADLEY SHELTON a/k/a "Iceman",<br>CHRISTOPHER BARROW a/k/a<br>"Gimp", and JASON MACKENZIE<br>a/k/a "Jaybird" | No. 19 CR 50039<br><br>Honorable Judge John J. Tharp Jr.<br><br>Magistrate Judge Iain D. Johnston |

## ADDENDUM TO PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. This Addendum to the Protective Order shall apply to certain documents, materials, manuals, books, papers, data, or other objects produced in connection with this case, pursuant to Rule 16, and marked "CONFIDENTIAL – DEFENDANT MAY VIEW BUT NOT POSSESS" ("CONFIDENTIAL INFORMATION"). This Protective Order shall apply to: 1) the government, its agents, consultants and experts; 2) the Defendants, through the Office of the Federal Defender Program and/or CJA counsel, its agents, consultants and experts; 3) the Court and its staff; 4) other parties identified only by amendment to this Order.

2. Unless otherwise agreed to by the parties, or ordered by this court, Confidential Information may be viewed, but not retained, by the Defendants.

3. The government may designate and disclose as CONFIDENTIAL INFORMATION: 1) non-privileged communications of the Defendants; 2)

communications between the Department of Justice, the Federal Bureau of Investigation, and the Federal Bureau of Prisons; 3) documents disclosing internal operations of the Federal Bureau of Prisons, [here, the United States Penitentiary in Thomson, Illinois (AUSP Thomson)] relating to institutional security and/or safety; 4) documents containing information exempted from disclosure under the Freedom of Information Act; 5) documents disclosing sensitive, internal law enforcement operations or techniques; 6) documents containing information subject to the Health Insurance Portability and Accountability Act (HIPPA); 7) documents disclosing the Bureau of Prisons' sensitive deliberative process; 8) documents disclosing institutional adjustments of inmates; and 9) information protected by the Privacy Act of 1974.

4. CONFIDENTIAL INFORMATION shall not be disclosed or used for any purpose except proceedings in this case.

5. This Order applies only to the dissemination of Confidential Information and is not intended to interfere with or prevent defense counsel from building general institutional knowledge in preparation of the defense. The protections granted by this Protective Order shall not be waived.

6. CONFIDENTIAL INFORMATION may be reproduced electronically for litigation management purposes only. Electronically reproduced CONFIDENTIAL INFORMATION must retain the "CONFIDENTIAL – DEFENDANT MAY VIEW BUT NOT POSSESS" watermark, header or footer.

7. Transmittal of Confidential Information: A copy of this Order shall accompany Confidential Information transmitted to an agent, consultant, or expert retained by either party. The transmitting party shall obtain from each recipient, a dated, signed acknowledgment of receipt of this Order and the confidential information transmitted, identified by bates number, or data file.

8. Confidential information attached to a pleading shall be filed as a restricted document in conformance with N.D.Ill.L.Cr.R 5.8, and will maintain all original "CONFIDENTIAL INFORMATION" watermarks, headers and footers.

9. Confidential information offered as an exhibit in pretrial proceedings must be submitted with all original "CONFIDENTIAL INFORMATION" watermarks, headers and footers and will be docketed as restricted.

10. Watermarks, headers, footers, and other indicia identifying a document as "CONFIDENTIAL – DEFENDANT MAY VIEW BUT NOT POSSESS" must be removed from any trial exhibit before the exhibit is tendered to a witness and/or disclosed to a jury. The government will cooperate with the defendant in the removal process prior to trial. Upon conclusion of the proceedings before this Court, all exhibits subject to this provision shall be returned to the government and preserved as modified under this provision for the record on appeal.

11. A party may object to the designation of discovery as Confidential Information. Objections shall be filed within the deadline for filing of pretrial motions, or no later than 10 days after receipt of discovery tendered after the motions

filing deadline. Documents subject to objection shall be filed as restricted, consistent with the provisions of this Order. Before filing any objection under paragraph 11, the objecting party must confer with counsel for the government to resolve any objections.

12. The Office of the Federal Public Defender and/or CJA counsel may retain a single electronic copy of the materials designated as CONFIDENTIAL INFORMATION. The digital file shall retain any original marks of "CONFIDENTIAL – DEFENDANT MAY VIEW BUT NOT POSSESS" designated as subject to a protective order and maintained with this Order.

13. The parties shall maintain a record of compliance with this Order.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ENTER:

_____
IAIN D. JOHNSTON
Magistrate Judge
United States District Court
Northern District of Illinois

Date: 2/13/20
Agreed and Jointly submitted by:

_____  2/13/20
Attorney for Defendant             DATE

_____  2/13/20
VINCENZA L. TOMLINSON             DATE
Assistant United States Attorney

4

filing deadline. Documents subject to objection shall be filed as restricted, consistent with the provisions of this Order. Before filing any objection under paragraph 11, the objecting party must confer with counsel for the government to resolve any objections.

12. The Office of the Federal Public Defender and/or CJA counsel may retain a single electronic copy of the materials designated as CONFIDENTIAL INFORMATION. The digital file shall retain any original marks of "CONFIDENTIAL – DEFENDANT MAY VIEW BUT NOT POSSESS" designated as subject to a protective order and maintained with this Order.

13. The parties shall maintain a record of compliance with this Order.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ENTER:

_____
IAIN D. JOHNSTON
Magistrate Judge
United States District Court
Northern District of Illinois

Date: _____
Agreed and Jointly submitted by:

_____  01/16/2020
                            DATE
Attorney for Defendant

_____  1/17/20
VINCENZA L. TOMLINSON      DATE
Assistant United States Attorney

4